AO 472 (Rev. 11/16) Order of Detention Pending Trial

United States District Court
Southern District of Texas

**ENTERED**
November 13, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| United States of America | ) | |
|---|---|---|
| v. | ) | |
|  | ) | Case No. 4:23-cr-00468-02 |
| Maximilliano Benavides | ) | |
| *Defendant* | ) | |

# ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

  ☒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis.[1]
  **OR**

  ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

  ☒ Weight of evidence against the defendant is strong
  ☒ Subject to lengthy period of incarceration if convicted
  ☒ Prior criminal history
  ☒ Participation in criminal activity while on probation, parole, or supervision

---

[1] The Court finds that Defendant failed to rebut the presumption that his release would pose a danger to the community. Defendant did, however, rebut the presumption regarding his risk of nonappearance if released.

☒ History of violence or use of weapons
☒ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States
☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☒ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

Even assuming that Defendant Maximilliano Benavides had rebutted the presumption favoring his detention, the Government nonetheless showed, by clear and convincing evidence, that no condition or combination of conditions could reasonably assure that Defendant would not pose a danger to the community if he were released.

Defendant has deep ties to MS13, a notoriously violent transnational gang. Defendant admitted to his status as a "homeboy" of MS13—a rank reflecting his abiding loyalty to the gang which he could only have earned by committing at least one murder on the gang's behalf. Investigators first learned of Defendant when targeting a particular clique of MS13 involved in stealing cars and reselling them under fraudulent VIN numbers. Information learned through wiretaps indicated that Defendant was deeply involved in the car-theft scheme. But that was only part of Defendant's criminal activity with MS13.

In January 2016, Defendant was arrested and charged with a state-law felony of manufacturing and delivering between 4 and 200 grams of a controlled substance, namely cocaine. He was sentenced to five years imprisonment in May 2022 and remains on parole for that offense. But while he was out on bond for that offense, Defendant had sold, through several transactions, a total of more than 50 grams of pure methamphetamine through several arranged "buy-walks" coordinated by law enforcement. This is the conduct underlying the current federal indictment. *See* Dkt. 1 at 2. In addition, law enforcement in Las Vegas is investigating Defendant for separate buy-walks where Defendant brokered deals with other MS13 gang members to sell two pounds of cocaine. Like the pending federal charges, this conduct allegedly occurred while Defendant was out on release for the 2016 drug-trafficking offense in Texas.

Defendant's continued sale and distribution of dangerous illegal substances, in plain violation of his conditions of release, shows that Defendant poses a danger that no conditions can reasonably mitigate. In fact, Defendant's criminal history reflects that he committed multiple bond violations.

As for further evidence of danger to the community, Defendant recently admitted to acquiring an AR-15 assault rifle and keeping it at his house. He also admitted that there were other firearms at home belonging to his wife. This conduct indicates that Defendant has been unlawfully possessing firearms—in clear violation of his still-ongoing parole for his state conviction, not to mention a clear violation of both state and federal law. Indeed, Defendant admitted knowing that this conduct constitutes a parole violation. And the point of prohibiting such individuals from having firearms is precisely because they pose serious danger in the hands of convicted felons. That danger is only heightened by Defendant's continued association with the violent MS13 gang.

The testimony of Defendant's wife, Eliana Ramirez, did not rebut the presumption that her husband's release would be unreasonably dangerous, nor did it outweigh the Government's clear and convincing evidence reflecting that danger. Ms. Ramirez was unaware of Defendant's continued contact with his fellow MS13 gang members. Although she knew about Defendant's prior state conviction for drug distribution, she was unaware of Defendant's other criminal activity. Nor was she aware that Defendant was prohibited from possessing guns—conduct that he knew was illegal. Given that Defendant kept his wife in the dark about these issues, the Court cannot conclude that she has sufficient influence to adequately supervise his conduct even assuming that she would otherwise qualify as a third-party custodian. And the fact that Ms. Ramirez describes Defendant as a supportive husband and father to her children, who works long hours doing home remodeling, at best indicates that Defendant is leading a double life.

In sum, the Court therefore finds that Defendant is unlikely to abide by any condition or combination of conditions that could be imposed to safeguard the community from the danger he poses. It is therefore **ORDERED** that Defendant Maximilliano Benavides be **DETAINED** pending trial.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: November 13, 2023

United States Magistrate Judge